## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

**Yeon Mook CHOI,**
9486 Virginia Center Blvd., Apt 208
Vienna, VA 22181,

**Joon KIM,**
8040 Brightfield Rd.
Ellicott City, MD 21043,

**Kasper Dong Hyok KO,**
8917 57th Ave.
Berwyn Height, MD 20740,

**Kwang Yeoll CHOI,**
13431 Wood Lilly Ln.
Centreville, VA 20120,

and

**Gijoong KO,**
4454 Chase Park Ct.
Annandale, VA 22003,

          Plaintiff,

    -against-

**Young Chul YOON,**
**a.k.a. Alex YOON,**
6714 Rockledge Pl.
Centreville, VA 20121,

**Procon Enterprise, Inc.,**
Serve: Young Chul YOON,
Registered Agent,
1326 Progress Dr.
Front Royal, VA 22630,

**Procon Electric, Inc.,**
Serve: Young Chul YOON,
Registered Agent,
1326 Progress Dr.
Front Royal, VA 22630,

Case Number: _____

Collective Action Claims

**JURY TRIAL REQUESTED**

**Peter H. KIM,**
**a.k.a. Peter KIM,**
10486 Ben Tree View
Duluth, GA 30097-4423,

and

**Eastern Corporation,**
4274 Shackleford Road
Suite A
Norcross, GA 30093-2952,
**SERVE: Judy Rah, registered agent,**
4274 Shackleford Road
Suite A
Norcross, GA 30093-2952,

                                        Defendants.

# COMPLAINT

Plaintiffs and others similarly situated, Yeon Mook CHOI, Joon KIM, Kasper Dong

Hyok KO, Kwang Yeoll CHOI and Gijoong KO, by their attorneys, (Michael) Hyunkweon Ryu

and the law firm of Ryu & Ryu, PLC, as and for their Complaint herein and on behalf of others

similarly situated, hereby submit their Complaint against Young Chul YOON, a.k.a. Alex

YOON, Procon Enterprise, Inc., Procon Electric, Inc., Peter H. KIM, and Eastern Corporation to

recover unpaid wages including unpaid overtime wages, liquidated damages (including treble

damages), interest, reasonable attorneys' fees and costs under Section 16(b) of the Federal Fair

Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Maryland

Wage and Hour Law, Md. Ann. Code, Lab. & Empl., § 3-401, *et seq.,* ("MWHL"), the Maryland

Wage Payment Collection Law, Md. Ann. Code, Lab. & Empl., § 3-501, *et seq.* ("MWPCL"),

and the Massachusetts General Law ("G.L."), Chapter 149 §§ 148, 149, 150 and Chapter 151, §§

1A and 1B, and in support thereof, state as follows:

## Introduction

1.     This matter stems from the application of a common scheme devised by Defendants to avoid paying Plaintiffs and others similarly situated their wages owed. As described herein, Defendants are engaged in the construction business. Defendants hired Plaintiffs and others similarly situated to perform work as manual laborers (handyman or electrician) for Defendants. However, Defendants failed to compensate Plaintiffs and others similarly situated and others for all hours worked. Furthermore, Plaintiffs and others similarly situated and others were not properly compensated for overtime hours. Through these unlawful acts, Defendants evaded the payment of wages owed to Plaintiffs and others similarly situated pursuant to the standards set forth by the FLSA and the states' law including the states of Maryland and Massachusetts.

## Nature of Action

2.     Plaintiffs and others similarly situated, Yeon Mook CHOI ("Plaintiff Y Choi"), Joon KIM ("Plaintiff Kim"), Kasper Dong Hyok KO ("Plaintiff Kasper Ko"), Kwang Yeoll CHOI (" Plaintiff K CHOI") and Gijoong KO ("Plaintiff G Ko"), former employees of Defendants, Young Chul YOON, a.k.a. Alex YOON ("Defendant Yoon"), Procon Enterprise, Inc. ("Defendant Procon"), Procon Electric, Inc. ("Defendant Procon Electric"), Peter H. KIM ("Defendant Kim"), and Eastern Corporation ("Defendant Eastern"), respectfully submit this Complaint alleging that the Defendants intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, (the "FLSA") and the states' law including the law of the states of Maryland and Massachusetts.

**Jurisdiction**

3.     This Court has jurisdiction over the federal law claims asserted in this action under 28 U.S.C. §201 *et seq.,* including §§ 207 and 216 pursuant to 28 U.S.C. §1331 and the state law claims asserted in this section under the states' law including the law of the states of Maryland and Massachusetts pursuant to 28 U.S.C. §1367.

**Venue**

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) since Defendant Yoon resides in Fairfax County, Virginia, which is in the District of this Court.

**Parties and Facts**

5.     Plaintiffs and others similarly situated were at all times relevant hereto employees of Defendants.

6.     Plaintiffs and others similarly situated were at all times relevant hereto individuals employed in the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida by Defendants.

7.     Plaintiffs and others similarly situated were at all times relevant hereto non-exempt employees within the meaning of the FLSA, and the implementing rules and regulations of the FLSA and the Maryland Wage and Hour Law, Md. Ann. Code, Lab. & Empl., § 3-401, *et seq.,* (the "MWHL"), the Maryland Wage Payment Collection Law, Md. Ann. Code, Lab. & Empl., § 3-501, *et seq.* (the "MWPCL"), and the Massachusetts General Law, c. 149 §§ 148, 149 and c. 151, §§ 1A and 1B.

8.     Plaintiffs are filing this FLSA claim as an individual action for themselves and collective action for others similarly situated.

9. As described herein, Plaintiffs and others similarly situated were hired by Defendants and performed manual labor at various construction job sites located in the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida.

10. Plaintiffs and others similarly situated at the instruction of Defendants went to the job sites located in Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida from a designated assembly point in Centreville, Virginia using a shared means of transportation designated by Defendants to perform the manual labor that Defendants instructed them to perform.

11. Plaintiffs and others similarly situated performed manual labor for Defendants as handyman or electrician.

12. Plaintiffs and others similarly situated handled construction materials to perform their assigned manual labor.

13. The said construction materials include dry walls, paint, paint brushes, metal beams, nails, nuts and bolts, screws, electrical wires, electrical parts, which were made or produced in states other than Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia or Florida, or in foreign countries such as Vietnam and China for the sale for interstate commerce and later shipped or imported through interstate commerce to the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia or Florida, and eventually to Defendants for their construction projects, and were eventually sold to the customers as the costs for the said construction materials were built in the prices for the construction project and delivered to the customers as portions of the finished construction projects.

14. Plaintiffs and others similarly situated were engaged in interstate commerce.

15. Their manual labor of Plaintiffs and others similarly situated was performed under the instructions or directions of Defendants.

16. For the period generally commencing on or about January 5, 2016 and ending on or about February 2017, Plaintiffs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants in excess of forty (40) hours per week as shown in Exhibit B attached hereto and incorporated herein by reference its entirety.

17. Plaintiffs and others similarly situated performed for Defendants the excess of forty (40) hours per workweek work as an express condition of their continued employment.

18. Throughout Plaintiffs' employment, Defendants paid Plaintiffs as shown in Exhibit B.

19. Plaintiffs and others similarly situated regularly worked more than 40 hours a week while employed by Defendants and was never paid the proper amount of wages including overtime wages.

20. The total unpaid overtime wages for Plaintiffs are shown in Exhibit B.

21. The total unpaid overtime wages for Plaintiff K Choi is six thousand nine hundred thirty-eight dollars sixty-six cents under FLSA, and the equal amount for the liquidated damages under FLSA, and in addition, two hundred ninety-six dollars thirty-two cents for reimbursement, and nine hundred thirty-seven dollars fifty cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff K Choi is fifteen thousand one hundred eleven dollars fifteen cents.

22. The total unpaid overtime wages for Plaintiff Kim is sixteen thousand dollars ninety-nine cents under FLSA, and the equal amount for the leaky dated damages under FLSA,

and in addition, eight hundred and ninety-seven dollars fifty-eight cents as much as the treble damages under the law of the State of Massachusetts are not already covered by the damages set forth above under FLSA, and one thousand one hundred fifty-two dollars as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff Kim is thirty-four thousand fifty-one dollars fifty-six cents.

23.      The total unpaid overtime wages for Plaintiff Y Choi is thirty-five thousand three hundred forty-three dollars thirty-seven cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, one thousand nine hundred fifty-six dollars twenty-nine cents as much as the treble damages under the law of the State of Massachusetts are not already covered by the damages set forth above under FLSA, and thirteen thousand eight hundred and ninety-three dollars seventy-four cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff Y Choi is eighty-six thousand five hundred thirty-six dollars seventy-six cents.

24.      The total unpaid overtime wages for Plaintiff Kasper Ko is twenty-six thousand four hundred thirty-two dollars forty-seven cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, one thousand one hundred seventy-eight dollars fifteen cents as much as the treble damages under the law of the State of Massachusetts are not already covered by the damages set forth above under FLSA, and eight thousand five hundred thirty dollars forty-six cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the

total damages before reasonable attorney's fees and expenses and costs for Plaintiff Kasper Ko is sixty-two thousand five hundred seventy-three dollars fifty-five cents.

25.     The total unpaid overtime wages for Plaintiff G Ko is twenty-five thousand six hundred five dollars eighty-four cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, three thousand nine hundred seventy-seven dollars forty-nine cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff G Ko is fifty-five thousand one hundred eighty-nine dollars sixteen cents.

26.     Plaintiffs and others similarly situated were required to report to work for Defendants at a certain time.

27.     Plaintiffs and others similarly situated were told to wear uniforms with Defendant Eastern Corporation's name in the front and with the names of four states as "VA-NC-GA-TX" and its slogan "Our Work, Our People, Always on Top" under Eastern Corporation's logo in the back of the uniform.

28.     Defendant Procon is and was at all times relevant hereto a Virginia Corporation with its place of business in Virginia.

29.     Defendant Procon is registered with the state of Virginia with its registered agent: Defendant Yoon, with the address for the service at 6714 Rockledge Place, Centreville, VA 20121 until October 25, 2016 and 1326 Progress Dr, Front Royal, VA 22630 since October 26, 2016.

30. Defendant Procon is and was at all times relevant hereto engaged in the construction business in the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida.

31. Defendant Procon is and was at all times relevant hereto engaged in interstate commerce because it has or had employees who were engaged in

a) commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;

b) handling, using or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including using construction materials such as dry walls, paint, paint brushes, metal beams, nails, nuts and bolts, screws, electrical wires, electrical parts, were made or produced in states other than Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida, or in foreign countries such as Vietnam and China for the sale for interstate commerce and later shipped or imported through interstate commerce to the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida, and eventually to Defendants for their construction projects, and were eventually sold to the customers as the costs for the said construction materials were built in the prices for the construction project and delivered to the customers as portions of the finished construction projects;

c) using a telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state;

d) unloading goods or materials which came from an out of state supplier; and/or

e) using an electronic device which authorizes a credit card purchase.

32.     Upon information and belief, at all times relevant hereto, the annual gross dollar volume of sales or receipts of Defendant Procon Enterprise, Inc., including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

33.     Defendant Eastern is and was at all times relevant hereto a Georgia Corporation with its place of business at 4274 Shackleford Road, Suite A, Norcross, GA, 30093-2952.

34.     Defendant Eastern is not and was not at all times relevant hereto registered with the state of Virginia but still is and was at all times relevant hereto engaged in business in Virginia without authorization.

35.     Defendant Eastern is and was at all times relevant hereto engaged in the construction business in the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida.

36.     Defendant Eastern is and was at all times relevant hereto engaged in interstate commerce because it has or had employees who were engaged in

a)      commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;

b)      handling, using or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including using construction materials such as dry walls, paint, paint brushes, metal beams, nails, nuts and bolts, screws, electrical wires, electrical parts, were made or produced in states other than Virginia, Maryland, New Jersey, North Carolina,

Massachusetts, Georgia and Florida, or in foreign countries such as Vietnam and China for the sale for interstate commerce and later shipped or imported through interstate commerce to the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida, and eventually to Defendants for their construction projects, and were eventually sold to the customers as the costs for the said construction materials were built in the prices for the construction project and delivered to the customers as portions of the finished construction projects;

       c)      using a telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state;

       d)      unloading goods or materials which came from an out of state supplier; and/or

       e)      using an electronic device which authorizes a credit card purchase.

37.      Upon information and belief, at all times relevant hereto, the annual gross dollar volume of sales or receipts of Defendant Eastern, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

38.      Defendant Procon Electric is and was at all times relevant hereto a Virginia Corporation with its place of business in Virginia.

39.      Defendant Procon Electric is registered with the state of Virginia with its registered agent: Myung San PARK with the address for the service at 1326 Progress Dr, Front Royal, VA 22630.

40.     Defendant Procon Electric is and was at all times relevant hereto engaged in the construction business in the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida.

41.     Defendant Procon Electric is and was at all times relevant hereto engaged in interstate commerce because it has or had employees who were engaged in

a)      commerce or the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;

b)      handling, using or otherwise working on goods or materials that had been moved in or produced for interstate commerce, including using construction materials such as dry walls, paint, paint brushes, metal beams, nails, nuts and bolts, screws, electrical wires, electrical parts, were made or produced in states other than Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida, or in foreign countries such as Vietnam and China for the sale for interstate commerce and later shipped or imported through interstate commerce to the States of Virginia, Maryland, New Jersey, North Carolina, Massachusetts, Georgia and Florida, and eventually to Defendants for their construction projects, and were eventually sold to the customers as the costs for the said construction materials were built in the prices for the construction project and delivered to the customers as portions of the finished construction projects;

c)      using a telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state;

d)      unloading goods or materials which came from an out of state supplier; and/or

e)      using an electronic device which authorizes a credit card purchase.

42.     Upon information and belief, at all times relevant hereto, the annual gross dollar volume of sales or receipts of Defendant Procon Electric, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

43.     Defendant Yoon is and was at all times relevant hereto the President and/or director of Defendant Procon.

44.     Defendant Yoon is and was at all times relevant hereto resided at 6714 Rockledge Place, Centreville, VA 20121.

45.     Defendant Kim is and was at all times relevant hereto the Vice President and/or director of Defendant Procon.

46.     Defendant Kim is and was at all times relevant hereto resided at 10486 Ben Tree View, Duluth, GA 30097-4423.

47.     Defendant Kim is and was at all times relevant hereto the CFO and/or director of Defendant Eastern.

48.     At all times relevant hereto, Defendants Yoon and Kim owned and operated Defendant Procon.

49.     At all times relevant hereto, Defendant Kim owned and operated Defendant Eastern.

50.     Defendants Procon, Procon Electric, Eastern, Yoon and Kim are joint employers, or employers who are jointly and severally liable to Plaintiffs and others similarly situated for payment of wages, within the meaning of the FLSA, and the implementing rules and regulations of the FLSA and the Maryland Wage and Hour Law, Md. Ann. Code, Lab. & Empl., §§ 3-101,

3-401, *et seq.,* (the "MWHL"), the Maryland Wage Payment Collection Law, Md. Ann. Code, Lab. & Empl., § 3-501, *et seq.* (the "MWPCL"), and the Massachusetts General Law, c. 149 §§ 1, 148, 149 and c. 151, §§ 1A and 1B.

51. Defendants Procon, Procon Electric, Eastern, Yoon and Kim are under the same ownership group and implement common policies.

52. Upon information and belief, at all times relevant hereto, the annual gross dollar volume of sales or receipts of Defendants Procon, Procon Electric, Eastern, Yoon and Kim, including the gross dollar volume (not limited to income) derived from all sales and business transactions including gross receipts from service, credit, or other similar charges, excluding internal transactions, if any, and excluding any excise taxes at the retail level which were stated separately exceeds and exceeded $500,000.00.

53. At all times relevant hereto, Defendants Yoon and Kim supervised the administration of Defendants Procon, Procon Electric and Eastern, and set employee schedules, including the schedules of Plaintiffs and others similarly situated.

54. Defendants Yoon and Kim were actively engaged in the management and direction of Plaintiffs and others similarly situated.

55. Defendants Yoon and Kim possessed and exercised authority to determine hours worked with respect to the employees of Defendants Procon, Procon Electric and Eastern, including Plaintiffs and others similarly situated.

56. Defendants Yoon and Kim made all decisions relating to the rates and method of pay for Plaintiffs and others similarly situated.

57. Defendant Kim managed, supervised, established and administered the terms and conditions of the employment of Plaintiffs and others similarly situated.

58.     Defendant Kim participated in and approved of the unlawful pay practices of Defendants Procon, Procon Electric and Eastern, and

59.     Defendant Kim was involved in assigning work to Plaintiffs and others similarly situated.

60.     Defendant Kim had the power and authority to discipline Plaintiffs and others similarly situated.

61.     Defendant Kim exercised authority over the terms and conditions of the employment of Plaintiffs and others similarly situated and how much and the manner in which Plaintiffs and others similarly situated were paid.

62.     Defendant Kim hired Plaintiffs and others similarly situated.

63.     Defendant Kim was in charge of paying employees.

64.     Defendant Kim told Plaintiffs and others similarly situated where to work and when to work.

65.     Defendant Yoon managed, supervised, established and administered the terms and conditions of the employment of Plaintiffs and others similarly situated.

66.     Defendant Yoon participated in and approved of the unlawful pay practices of Defendants Procon, Procon Electric and Eastern.

67.     Defendant Yoon was involved in assigning work to Plaintiffs and others similarly situated.

68.     Defendant Yoon had the power and authority to discipline Plaintiffs and others similarly situated.

69. Defendant Yoon exercised authority over the terms and conditions of the employment of Plaintiffs and others similarly situated and the amount and the manner in which Plaintiffs and others similarly situated were paid.

70. Defendant Yoon hired Plaintiffs and others similarly situated.

71. Defendant Yoon was in charge of paying employees.

72. Defendant Yoon told Plaintiffs and others similarly situated where to work and when to work.

73. Defendants at all times relevant hereto were subject to the FLSA due to the nature of their business and revenues earned.

74. Defendants provided the tools and equipment and materials for Plaintiffs and others similarly situated to do their jobs for Defendants.

75. Defendants held Plaintiffs and others similarly situated out as employees.

76. At all times relevant hereto, the acts and omissions of Defendants, and each of them, concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints and damages alleged herein.

77. At all times relevant hereto, Defendants, and each of them, approved of, condoned and/or otherwise ratified each and every one of the acts or omissions of the other Defendants complained of herein.

78. At all times relevant hereto, Defendants, and each of them, aided and abetted the acts and omissions of each and every one of the other Defendants, thereby proximately causing the damages as herein alleged.

79. Defendants employed and paid Plaintiffs and others similarly situated as their employee.

80.     Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d), Md. Ann. Code, Lab. & Empl., §§ 3-101, 501 under *Campusano v. Lusitano Constr. LLC*, 208 Md. App. 29, 56 A.3d 303 (2012), and the Massachusetts General Law, Chapter 149 §1.

81.     Defendants failed to pay Plaintiffs and others similarly situated for overtime compensation for hours worked in excess of 40 hours per workweek.

82.     Defendants' failure to properly pay Plaintiffs and others similarly situated for overtime wages was intentional and willful.

83.     Defendants' failure to pay Plaintiffs and others similarly situated at the proper overtime rate was intentional and willful.

84.     No exemption from overtime wages applied to the employment of Plaintiffs and others similarly situated with Defendants.

85.     Upon information and belief, Defendants never obtained legal advice that its overtime pay practices and/or policies were compliant with federal and state wage-hour laws.

86.     Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor or any state government agencies concerning their pay practices and policies.

87.     Defendants were engaged in the illegal practice of refusing to pay the overtime rate, shaving work hours of the employees, having employees work off the clock, splitting the work hours in one workweek between job sites, and counting the hours for the compensable travel time to job sites separately from the hours worked at the job sites.

## FLSA COLLECTIVE ACTION ALLEGATIONS

88.     Plaintiffs and others similarly situated worked as laborer for Defendants.

89.     The FLSA requires employers to compensate non-exempt employees such as Plaintiffs and others similarly situated wages reflecting the federal minimum wage rate for each hour worked and overtime wages for hours worked over forty (40) within a single workweek.

90.     Defendants knew that Plaintiffs and others similarly situated and similarly situated employees typically and customarily worked over forty (40) hours per week and suffered or permitted Plaintiffs and others similarly situated and others to work more than forty (40) hours per week.

91.     Defendants knew or should have known that Plaintiffs and others similarly situated were entitled to overtime and the minimum wage for all hours worked.

92.     Pursuant to the FLSA, Plaintiffs and others similarly situated commence this collective action against Defendants on behalf of themselves and others similarly situated for the payment of wages owed reflecting the federal minimum wage rate for all hours worked and an overtime rate of not less than one and a half (1.5) times the regular rate of pay.

93.     Plaintiffs and others similarly situated consent to be party Plaintiffs and others similarly situated in this matter; Plaintiffs' consent forms are attached to this complaint as Exhibit A. It is likely that other individuals will join Plaintiffs and others similarly situated during the litigation of this matter and file written consents to "opt in" to this collective action.

94.     There are numerous similarly situated current and former employees of Defendants that have been harmed by Defendants' common scheme to underpay their employees and violate the FLSA.

95.     These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

96.     Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit; upon information and belief, others will choose to join Plaintiffs and others similarly situated in this action against Defendants and opt in to this lawsuit to recover unpaid wages and other available relief.

## Count I: Violation of FLSA

97.     All allegations of this Complaint are expressly incorporated herein and Plaintiffs and others similarly situated repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

98.     Plaintiffs and others similarly situated are entitled to proper pay including overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207.

99.     Defendants violated the provisions of the Fair Labor Standards Act by failing and refusing in a willful and intentional manner to pay Plaintiffs and others similarly situated all proper pay including overtime compensation due to him under the FLSA and its implementing regulations.

100.     Plaintiffs and others similarly situated have been damaged by the said violation by Defendants in an amount presently to be determined at the trial of this action.

101.     By reason of the aforesaid violations of the FLSA, Defendants are liable to Plaintiffs and others similarly situated in an amount equal to the unpaid wages including unpaid overtime, which is at the rate of not-less-than one and one-half (1.5) times of Plaintiffs and the regular hourly wage rate of others similarly situated, unpaid overtime penalties/liquidated damages, all other applicable penalties and liquidated damages, attorney's fees and costs, and pre-and post judgment interest, all as determined at the trial.

102.    The total unpaid overtime wages for Plaintiff K Choi is six thousand nine hundred thirty-eight dollars sixty-six cents under FLSA.

103.    The total unpaid overtime wages for Plaintiff Kim is sixteen thousand dollars ninety-nine cents under FLSA.

104.    The total unpaid overtime wages for Plaintiff Y Choi is thirty-five thousand three hundred forty-three dollars thirty-seven cents under FLSA.

105.    The total unpaid overtime wages for Plaintiff Kasper Ko is twenty-six thousand four hundred thirty-two dollars forty-seven cents under FLSA.

106.    The total unpaid overtime wages for Plaintiff G Ko is twenty-five thousand six hundred five dollars eighty-four cents under FLSA.

## Count II: Violation of MWHL

107.    All allegations of the Complaint are expressly incorporated herein and Plaintiffs repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

108.    The MWHL requires employers to pay employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl., §§ 3-415 and 3-420.

109.    Defendants violated the MWHL by knowingly failing to pay Plaintiffs and others similarly situated one and one-half times the regular hourly rate of Plaintiffs and others similarly situated for hours worked in excess of 40 hours in any one workweek.

110.    Defendants' MWHL violations were willful.

111.    Plaintiffs and others similarly situated have been damaged by Defendants violations in an amount presently to be determined at the trial of this action.

112.     For their MWHL violations, Defendants are liable to Plaintiffs and others similarly situated for unpaid overtime compensation, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

113.     The total unpaid overtime wages for Plaintiff K Choi is nine hundred thirty-seven dollars fifty cents under the law of the State of Maryland.

114.     The total unpaid overtime wages for Plaintiff Kim is one thousand one hundred fifty-two dollars under the law of the State of Maryland.

115.     The total unpaid overtime wages for Plaintiff Y Choi is thirteen thousand eight hundred and ninety-three dollars seventy-four cents under the law of the State of Maryland.

116.     The total unpaid overtime wages for Plaintiff Kasper Ko is eight thousand five hundred thirty dollars forty-six cents under the law of the State of Maryland.

117.     The total unpaid overtime wages for Plaintiff G Ko is three thousand nine hundred seventy-seven dollars forty-nine cents under the law of the State of Maryland.

### Count III: Violation of MWPCL

118.     All allegations of the Complaint are expressly incorporated herein and Plaintiffs and others similarly situated repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

119.     The MWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier. Md. Code, Lab. & Empl., § 3-501 *et seq.*

120.     The "compensation" required to be paid by the WPCL includes overtime wages. Peters v. Early Healthcare Giver, Inc., 439 Md. 646, 654 (Md. 2014).

121.     Defendants violated the MWPCL by knowingly failing to promptly pay Plaintiffs and others similarly situated for all hours Plaintiffs and others similarly situated worked.

122.     Defendants also violated the MWPCL by knowingly failing to promptly pay the overtime wages to which Plaintiffs and others similarly situated were were entitled.

123.     Defendants' MWPCL violations were willful.

124.     Plaintiffs have been damaged by Defendants violations in an amount presently to be determined at the trial of this action.

125.     For their MWPCL violations, Defendants are liable to Plaintiffs and others similarly situated for three times the amount of unpaid wages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

126.     The total unpaid overtime wages for Plaintiff K Choi is nine hundred thirty-seven dollars fifty cents under the law of the State of Maryland.

127.     The total unpaid overtime wages for Plaintiff Kim is one thousand one hundred fifty-two dollars under the law of the State of Maryland.

128.     The total unpaid overtime wages for Plaintiff Y Choi is thirteen thousand eight hundred and ninety-three dollars seventy-four cents under the law of the State of Maryland.

129.     The total unpaid overtime wages for Plaintiff Kasper Ko is eight thousand five hundred thirty dollars forty-six cents under the law of the State of Maryland.

130.     The total unpaid overtime wages for Plaintiff G Ko is three thousand nine hundred seventy-seven dollars forty-nine cents under the law of the State of Maryland.

## Count IV: Violation of Massachusetts Law regarding Overtime Wages

131.    All allegations of this Complaint are expressly incorporated herein and Plaintiffs and others similarly situated repeat and reallege each and every allegations set forth in this Complaint as though set forth fully at length herein.

132.    Massachusetts law requires each covered employer, such as Defendants, to compensate all non-exempt employees at an overtime rate of not less than one and one-half (1 and 1/2) times the regular rate of pay for work performed in excess of forty (40) hours per week. G.L. c. 151 §§ 1 & 2; G.L. c. 151 § 1, 1A, 1B.

133.    Defendants have failed to pay Plaintiffs and others similarly situated overtime wages at a rate of not less than one and one-half (1 and 1/2) times the regular rate of pay for work performed in excess of forty (40) hours per week in violation of Massachusetts G.L. c. 151 §§ 1 & 2 and G.L. c. 151 § 1, 1A, 1B.

134.    In addition, Defendants have directed Plaintiffs and others similarly situated to work off the clock and/or without documentation, all without proper compensation in violation of G.L. c. 149 § 148.

135.    By virtue of the forgoing, Plaintiffs and others similarly situated, on behalf of themselves, and others similarly situated, are entitled to: (i) damages in the amount of their respective unpaid wages including overtime compensation, (ii) recovery of their attorneys' fees and costs associated with this cause of action as provided by Massachusetts G.L. c. 151 § 1B, plus trebled damages as provided by Massachusetts G .L. c. 151 § 1 B, and (iii) other such legal and equitable relief as the Court deems just and proper.

136.    The total unpaid overtime wages for Plaintiff Kim is eight hundred and ninety-seven dollars fifty-eight cents under the law of the State.

137.    The total unpaid overtime wages for Plaintiff Y Choi is one thousand nine hundred fifty-six dollars twenty-nine under the law of the State of Massachusetts.

138.    The total unpaid overtime wages for Plaintiff Kasper Ko is one thousand one hundred seventy-eight dollars fifteen cents under the law of the State of Massachusetts.

139.    The total unpaid overtime wages for Plaintiff G Ko is three thousand nine hundred seventy-seven dollars forty-nine cents under the law of the State of Maryland.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and others similarly situated pray for the following relief:

a.    Designation of this action as a collective action on behalf of Plaintiffs and others similarly situated;

b.    Leave to add additional Plaintiffs and others similarly situated, opt-in parties, through the filing of consent forms; and

c.    Judgment against Defendants for their failure to pay Plaintiffs and others similarly situated

i.    in accordance with the standards set forth by the FLSA, including:

A.    An award against Defendants for the amount of unpaid wages including unpaid overtime wages owed, calculated at a rate that is not less than one and a half (l.5) times the regular hourly rate of Plaintiffs and others similarly situated for all overtime hours worked to Plaintiffs and others similarly situated;

B.    An award of liquidated damages equal to the total amounts of unpaid wages owed to Plaintiffs and others similarly situated;

C. An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interests, to be satisfied in full by Defendants;

ii. with the standards set forth by the law of the states of Maryland, including:

A. An award against Defendants for the amount of unpaid wages including unpaid overtime wages owed, calculated at a rate that is not less than one and a half (l.5) times the regular hourly rate of Plaintiffs and others similarly situated for all overtime hours worked to Plaintiffs and others similarly situated;

B. An award of treble damages to the total amounts of unpaid wages owed to Plaintiffs and others similarly situated;

C. An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interests, to be satisfied in full by Defendants;

iii. with the standards set forth by the law of the states of Massachusetts, including:

A. An award against Defendants for the amount of unpaid wages including unpaid overtime wages owed, calculated at a rate that is not less than one and a half (l.5) times the regular hourly rate of Plaintiffs and others similarly situated for all overtime hours worked to Plaintiffs and others similarly situated;

B. An award of treble damages to the total amounts of unpaid wages owed to Plaintiffs and others similarly situated;

C. An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interests, to be satisfied in full by Defendants;

iv. where

A. The total unpaid overtime wages for Plaintiff K Choi is six thousand nine hundred thirty-eight dollars sixty-six cents under FLSA, and the equal amount for the liquidated damages under FLSA, and in addition, two hundred ninety-six dollars thirty-two cents for reimbursement, and nine hundred thirty-seven dollars fifty cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff K Choi is fifteen thousand one hundred eleven dollars fifteen cents;

B. The total unpaid overtime wages for Plaintiff Kim is sixteen thousand dollars ninety-nine cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, eight hundred and ninety-seven dollars fifty-eight cents as much as the treble damages under the law of the State of Massachusetts are not already covered by the damages set forth above under FLSA, and one thousand one hundred fifty-two dollars as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff Kim is thirty-four thousand fifty-one dollars fifty-six cents;

C. The total unpaid overtime wages for Plaintiff Y Choi is thirty-five thousand three hundred forty-three dollars thirty-seven cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, one thousand nine hundred fifty-six dollars twenty-nine cents as much as the treble

damages under the law of the State of Massachusetts are not already covered by the damages set forth above under FLSA, and thirteen thousand eight hundred and ninety-three dollars seventy-four cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff Y Choi is eighty-six thousand five hundred thirty-six dollars seventy-six cents;

D.     The total unpaid overtime wages for Plaintiff Kasper Ko is twenty-six thousand four hundred thirty-two dollars forty-seven cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, one thousand one hundred seventy-eight dollars fifteen cents as much as the treble damages under the law of the State of Massachusetts are not already covered by the damages set forth above under FLSA, and eight thousand five hundred thirty dollars forty-six cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff Kasper Ko is sixty-two thousand five hundred seventy-three dollars fifty-five cents;

E.     The total unpaid overtime wages for Plaintiff G Ko is twenty-five thousand six hundred five dollars eighty-four cents under FLSA, and the equal amount for the leaky dated damages under FLSA, and in addition, three thousand nine hundred seventy-seven dollars forty-nine cents as much as the treble damages under the law of the State of Maryland are not already covered by the damages set

forth above under FLSA. Therefore, the total damages before reasonable attorney's fees and expenses and costs for Plaintiff G Ko is fifty-five thousand one hundred eighty-nine dollars sixteen cents;

d.      Award Plaintiff prejudgment and post judgment interest as permitted by law; and

e.      Any additional relief deemed just, proper and equitable by this Honorable Court.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs and others similarly situated requests that a jury of their peers hear and decide all possible claims brought on behalf of Plaintiffs and others similarly situated..

Respectfully Submitted,

By Yeon Mook CHOI,
Joon KIM,
Kasper Dong Hyok KO,
Kwang Yeoll CHOI and
Gijoong KO

By their counsel,

/s/ (Michael) Hyunkweon Ryu
(Michael) Hyunkweon Ryu
Ryu & Ryu, PLC
Attorney for Plaintiffs
301 Maple Ave West
Suite 620
Vienna VA 22180